IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARI APPUGLIESE, | ) | CASE NO. 1:12 CV 2160 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| FIRSTCREDIT, INC., | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

Before me by referral[1] in this matter by plaintiff Cari Appugliese under the Fair Debt Collection Practices Act (FDCPA)[2] and the Ohio Consumer Sales Act[3] is a motion by defendant FirstCredit, Inc.[4] to dismiss the case for failure to state a claim[5] or, alternatively, for judgment on the pleadings.[6] Appugliese has responded in opposition to the motion and with a request for leave to file an amended complaint.[7] For the reasons that follow, I will recommend that Appugliese's motion to amend her complaint be granted and that FirstCredit's motion to dismiss then be denied.

---

[1] ECF # 8

[2] 15 U.S.C. § 1692, *et seq.*

[3] Ohio Rev. Code § 1345.01, *et seq.*

[4] ECF # 5.

[5] Rule 12(b)(6) Federal Rules of Civil Procedure.

[6] Rule 12(c) Federal Rules of Civil Procedure.

[7] ECF # 7 with attachment of proposed amended complaint.

FirstCredit's motion to dismiss essentially contends that Appugliese's complaint here "employs nearly the exact same language and format as the complaint that was dismissed by the [court in *Kimmel v. Phelan, Hallinan & Schmieg. PC*][8]"as being insufficiently pled to withstand a motion to dismiss.[9] Specifically, FirstCredit contends that the complaint here, as was the case with the complaint in *Kimmel*, "alleges a laundry list of FDCPA violations copied directly from the United States Code," but which allegations are not "supported by any factual matter that substantiates the Plaintiff's assertions that Defendant engaged in harassment, misrepresentation, or other 'unconscionable' activity."[10] Because, FirstCredit asserts, "none of these statutory recitations are supported in any way by the threadbare facts alleged in her complaint, [the complaint] cannot stand and merit[s] dismissal at 'the point of minimum expenditure of time and money by the parties and the court.'"[11]

FirstCredit further argues that, because the sole basis for federal court jurisdiction over the Ohio law claim is the federal FDCPA claim, the failure to state a federal claim for relief would deprive this Court of jurisdiction over the state-law matter, requiring their dismissal.[12]

---

[8] *Phelan, Hallinan & Schmieg, PC*, 847 F. Supp. 2d 753, 769 (E.D. Pa. 2012).

[9] ECF # 5 at 9-10.

[10] ECF # 5 at 9.

[11] *Id*. at 13 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007)).

[12] *Id.*

While Appugliese contends that her complaint pleads enough facts to present a facial plausibility that FirstCredit is liable for the misconduct alleged by both the federal and state law claims, she also maintains that any defects in the complaint can be cured with her first amended complaint. In that regard, she seeks leave to file a first amended complaint,[13] which is attached.[14] FirstCredit has not filed an opposition to Appugliese's motion for leave to amend her complaint as set forth in the attachment to her response.

*Kimmel* teaches that a plaintiff does not meet the standard of pleading set forth in *Twombly* by "propounding a mass of factual allegations and then enumerating a laundry list of statutory provisions that a defendant allegedly violated."[15] Instead, a plaintiff in an FDCPA matter "must link each alleged violation of the FDCPA to the predicate factual allegations giving rise to the violation in order to state a claim for relief under Fed. Civ. R. 8."[16]

As was recently stated, the standard for amending a complaint is as follows:[17]

> Rule 15 provides that "leave [to amend] shall be freely given when justice requires." Fed. R. Civ. P. 15(a); *Crawford v. Roane*, 63 F.3d 750, 753 (6th Cir. 1995). This liberal view ensures that cases are "tried on their merits rather than pleading technicalities." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (citing *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982))....

---

[13] ECF # 7 at 11.

[14] ECF # 7, Attachment.

[15] *Kimmel*, 847 F. Supp. 2d at 770.

[16] *Id*.

[17] *Id*.

Under the Rule 15(a) standard, leave must be granted in the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendment previously allowed, and undue prejudice. *Forman v. Davis*, 371 U.S. 178, 182 (1962).[18]

Here, I recommend following *Kimmel* and allowing Appugliese leave to file the amended complaint attached to her response to the motion to dismiss. As noted, FirstCredit has not objected to such an amendment, and none of the factors that would argue against giving such leave are present in this case.[19] If such leave is granted and the proposed amendment filed, I recommend denying FirstCredit's motion to dismiss.

Dated:  June 27, 2013                              s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[20]

---

[18] *Windsor House, Inc. v. SimplexGrinnell LP*, No. 4:11CV1975, 2013 WL 789225, at *1-2 (N.D. Ohio March 1, 2013).

[19] *See*, *Souders v. Bank of America*, No. 1:CV-12-1074, 2012 WL 7009007, at *14 (M.D. Pa. Dec. 6, 2012) (magistrate judge recommends that a motion to dismiss an FDCPA complaint under Rule 12(b)(6) be granted for the reasons given in *Kimmel*, and that such dismissal be without prejudice to the plaintiff being given leave to file an amended complaint).

[20] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).